E-FILED
Tuesday, 14 April, 2026 12:04:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JESSE GASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:26-cv-04013-MMM |
| | ) | |
| JASON CHENOWETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, proceeds in forma pauperis on the grounds of indigency. He is paying a reduced filing fee as determined under the Court's procedure to address filing fees for civil detainees.

Courts must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court reviews the Complaint before directing service to ensure that a federal claim is stated and that the action is not frivolous or malicious.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Page **1** of **4**

Plaintiff names as Defendants Security Therapy Aid Jason Chenoweth, Security Therapy Aid Josua Clevenger, and Security Therapy Aid John Doe.

Plaintiff alleges that on August 28, 2025, Defendant Cleavinger approached Plaintiff in the hallway and demanded Plaintiff's Gameboy. Plaintiff asked why. Cleavinger did not explain. Plaintiff gave the Gameboy to a different guard. Cleavinger said he could put Plaintiff in segregation. Plaintiff asked for a therapist or supervisor. Cleavinger called other staff, and they surrounded Plaintiff in an aggressive way, backing him up against the wall. Defendants then "rushed" Plaintiff, who fell to the floor. Defendants pinned Plaintiff down and Chenoweth began punching Plaintiff in the face. Plaintiff was then placed in the "naked room."

Plaintiff states a claim for excessive use of force and failure to intervene. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Plaintiff alleges Defendant Chenoweth punched him in the face while the other Defendants pinned him down, apparently because Plaintiff did not immediately comply with Clevenger's demand for Plaintiff's Gameboy. These allegations are sufficient for discovery to move forward as to Plaintiff's claim of excessive force and failure to intervene. The other causes of action Plaintiff mentions are either duplicative of the excessive force claim or are too sparsely pleaded to move forward.

IT IS THEREFORE ORDERED:

1. **Pursuant to its review, the Court finds that Plaintiff states claims for excessive use of force and failure to intervene against Defendants Chenoweth, Clevenger, and Doe. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion and for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.**

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of

a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

9. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 14th day of April, 2026.

*s/Michael M. Mihm*
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
